| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |  |
|---|---|

| | |
|---|---|
| TATO CARAVEO,<br>BRIAN BONER<br><br>                               Plaintiffs,<br><br>  - against –<br><br>GENERAL MOTORS LLC<br><br>                               Defendant. | Docket No. 1:21-cv-01009-KPF<br><br>**STIPULATED<br>PROTECTIVE ORDER** |

      The Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action (the "Protective Order" or "Order"), and the parties having stipulated to the following provisions, it is hereby ORDERED that any person subject to this Order – including without limitation the parties to this action, their attorneys, representatives, agents, experts and consultants, acting as such, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order – shall adhere to the following terms, upon pain of contempt:

**Scope of the Protective Order**

      1.    The protections conferred by this Order cover not only Discovery Material (i.e., all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or in the course of discovery in this action), but also (1) any information copied or extracted from Discovery Material; (2) all copies, excerpts, summaries, or compilations of Discovery Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Discovery Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the

public domain at the time of disclosure to a Receiving Person (i.e., a person that receives Discovery Material) or becomes part of the public domain after its disclosure to a Receiving Person as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Person prior to the disclosure or obtained by the Receiving Person after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Person (i.e., a person that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Confidential – Attorneys' Eyes Only"). Any use of Discovery Material at trial shall be governed by a separate agreement or order, if any.

**Discovery Materials May Be Designated as "Confidential" or "Confidential – Attorneys' Eyes Only"**

2. Any person subject to this Order who receives from any other person any Discovery Material shall not use such information except for purposes of this litigation and cannot disclose such information to anyone else except as expressly permitted hereunder.

3. The person producing (i.e., the "Producing Person") Discovery Material may designate as "Confidential" any portion thereof that contains non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or would likely, in the good faith opinion of the Producing Person, seriously harm the Producing Person's business, commercial, financial, or personal interests or cause the Producing Person to violate his, her, or its privacy or confidentiality obligations to others. Where the confidential portion of Discovery Material is reasonably separable from the non-confidential portion, via redaction or otherwise, only the confidential portion shall be so designated.

4. A Producing Person may designate any Discovery Material "Confidential – Attorneys' Eyes Only" that in his, her, or its good faith judgment contains, reflects or otherwise discloses: (1) trade secrets under the law of New York State or federal law; or (2) highly sensitive business-related financial information, the disclosure of which would be detrimental to the Producing Person if known to the other parties to this litigation. The provisions of this Order that apply to information designated as "Confidential" shall also apply to information designated as "Confidential – Attorneys' Eyes Only" unless otherwise indicated.

5. With respect to the confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Person or that person's counsel may designate such portion as "Confidential" or "Confidential – Attorneys' Eyes Only" by stamping or otherwise clearly marking as "Confidential" or "Confidential – Attorneys' Eyes Only" the document or protected portion in a manner that will not interfere with legibility or audibility. Deposition testimony may be designated as "Confidential" or "Confidential – Attorneys' Eyes Only" either on the record during the deposition or in writing within five (5) business days of receipt of the transcript. If so designated, the final transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

6. If at any time prior to the trial of this action, a Producing Person realizes that some portion of Discovery Material that the Producing Person previously produced without limitation should be designated as "Confidential" or "Confidential – Attorneys' Eyes Only," the Producing Person may so designate that portion by promptly notifying all parties in writing. Such designated portion of the Discovery Material will thereafter be treated as confidential under the terms of this Order. In addition, the Producing Person shall provide each other party with

replacement versions of such Discovery Material that bears the "Confidential" or "Confidential – Attorneys' Eyes Only" designation within two (2) business days of providing such notice.

7. The production of any documents without the designation "Confidential" or "Confidential – Attorneys' Eyes Only" when it should have been designated as such shall not be deemed a waiver of the right to designate such materials in accordance with this Order.

**Who May Receive Confidential Discovery Materials**

8. No person subject to this Order, other than the Producing Person, shall disclose any Confidential Discovery Material to any other person whomsoever, except to:

    (a) the parties to this action;

    (b) counsel retained specifically for this action, including any paralegal, clerical or other assistant employed by such counsel and assigned specifically to work on this action;

    (c) as to any document, its author, its addressee, and any other person shown on the face of the document as having received a copy;

    (d) any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

    (e) any person retained by a party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

    (f) stenographers and video technicians engaged to transcribe or record depositions conducted in this action;

(g) independent photocopying, graphic production services, or other litigation support services employed by the parties or their counsel to assist in this action, including computer service personnel performing duties in relation to a computerized litigation system;

(h) the Court and its staff; and

(i) any other person whom the Producing Person, or other person designating the Discovery Material "Confidential" or "Confidential – Attorneys' Eyes Only" agrees in writing may have access to such Confidential Discovery Material.

9. Prior to the disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 8(d) or 8(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement, in the form annexed hereto, stating that that person has read this Order and agrees to be bound by its terms. Counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

10. Any Discovery Materials designated as "Confidential – Attorneys' Eyes Only" may only be disclosed: (1) to the parties' outside counsel of record and such outside counsel's respective current employees and agents who have responsibility for the litigation and, (2) on a need to know basis, to the persons identified in subparagraphs 8(e) through 8(i), provided, however, that prior to such disclosure (other than to the individuals listed in subparagraphs 8(f) and 8(i)), counsel shall provide such persons with a copy of this Protective Order and obtain

from such persons a signed Non-Disclosure Agreement in the form annexed hereto. All such Non-Disclosure Agreements shall be retained by counsel.

**<u>Filing Confidential Materials in this Action</u>**

11. Any person who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure, may at any time prior to the trial of this action serve upon the Designating Person and all other parties a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons shall request a joint telephone call with the Court to obtain a ruling.

12. Notwithstanding the designation of material as "Confidential" or "Confidential – Attorneys' Eyes Only" in discovery, there is no presumption that such Confidential Discovery Material will be filed with the Court under seal. The parties shall follow Part 9 of Judge Failla's Individual Rules of Practice in Civil Cases with respect to filing under seal.

13. Each person who has access to Confidential Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

**<u>Termination of the Litigation</u>**

14. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Confidential Discovery Material and all copies thereof, shall be promptly returned to the Producing Person, or, upon permission of the Producing Person, destroyed.

15. During the pendency of this case only, this Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED.**

Dated: New York, New York
     June 28, 2021

| | |
|---|---|
| LIEBOWITZ LAW FIRM, PLLC | FRANKFURT KURNIT KLEIN & SELZ, P.C. |
| By:   */s/ James H. Freeman* <br>      James H. Freeman <br> 1333A North Ave., Ste. 762 <br> New Rochelle, New York 10804 <br> Tel.: 516-233-1660 <br> E-mail: JF@liebowitzlawfirpm.com | By:   */s/ Maura J. Wogan* <br>      Maura J. Wogan <br> 28 Liberty Street, 35th Floor <br> New York, New York 10005 <br> Tel.: 212-980-0120 <br> E-mail: mwogan@fkks.com |
| *Attorney for Plaintiffs Tato Caraveo, Brian Boner* | *Attorney for Defendant General Motors LLC* |

**SO ORDERED:**

Dated:    June 29   , 2021
     New York, New York

*[signature: Katherine Polk Failla]*

**KATHERINE POLK FAILLA**
**United States District Judge**

```
This confidentiality agreement does not bind the Court or any of
its personnel.  The Court can modify this stipulation at any time.
The Court will retain jurisdiction over the terms and conditions of
this agreement only for the pendency of this litigation.  Any party
wishing to make redacted or sealed submissions shall comply with
Rule 6(A) of this Court's Individual Rules of Civil Procedure.
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

TATO CARAVEO,
BRIAN BONER

                      Plaintiffs,

- against –

GENERAL MOTORS LLC
                    Defendant.

Docket No. 1:21-cv-01009-KPF

**NON-DISCLOSURE AGREEMENT**

I _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as "Confidential" or "Confidential – Attorneys' Eyes Only." I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of this litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____           _____
                                                                   [Signature]